# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 12-7073**                          **September Term, 2012**

**1:10-cv-00042-RMC**

**Filed On:** January 17, 2013

DCFS USA, LLC, a Delaware limited liability
company,

        Appellee

Stephen Thomas Yelverton, an individual,

        Appellant

    v.

District of Columbia,

        Appellee


**BEFORE:**    Rogers, Brown, and Griffith, Circuit Judges

## O R D E R

Upon consideration of appellant's motion for summary reversal, the response thereto, and the reply; appellee's motion to dismiss or, in the alternative, for summary affirmance, the response thereto, and the reply; and the motion for leave to file a surreply, it is

**ORDERED** that the motion to dismiss be denied.  The relief appellant sought in district court was, in essence, to intervene as of right, the denial of which is appealable. See Alternative Research & Dev. Found. v. Veneman, 262 F.3d 406, 409-10 (D.C. Cir. 2001) (per curiam).  It is

**FURTHER ORDERED** that the motion for leave to file a surreply be denied.  This court will not consider appellant's allegations and arguments pertaining to the July 26, 2012 filing in the Bankruptcy Court and subsequent proceedings.  See District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1084-85 (D.C. Cir. 1984).  Even if properly preserved, appellant's arguments have no bearing on the outcome of this appeal.  It is

**FURTHER ORDERED** that the motion for summary reversal be denied and the motion for summary affirmance be granted.  The merits of the parties' positions are so clear as to warrant summary action.  See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).  In the memorandum opinion and order

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 12-7073**                                    **September Term, 2012**

filed October 21, 2011, the district court properly determined that the doctrine of claim preclusion, or res judicata, barred appellant from relitigating the same claims that had been dismissed by the Bankruptcy Court, In re: Yelverton, Adversary Proceeding 10-10045 (Jun. 27, 2011).  See United States v. Tohono O'Odham Nation, 131 S. Ct. 1723, 1730 (2011).  The appeal of the Bankruptcy Court's ruling did not diminish the preclusive effect of the judgment.  See Hunt v. Liberty Lobby, Inc., 707 F.2d 1493, 1497 (D.C. Cir. 1983); Martin v. Malhoyt, 830 F.2d 237, 264-65 (D.C. Cir. 1987).  In the order filed July 20, 2012, the district court did not abuse its discretion in denying appellant's motion for reconsideration.  See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Since then, in a separate civil action, the district court has dismissed with prejudice the appeal challenging the June 27, 2011 order entered by the Bankruptcy Court.  Yelverton v. District of Columbia, Civil Action No. 11-1467 (D.D.C. Sept. 25, 2012).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**